### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

JAMES L. BROWN on behalf                    :
of himself and all others similarly situated, :
                                            : Case No.:  3:14-cv-00591-MEM
              Plaintiff,                     :
                                            :
       v.                                   :
                                            :
                                            :
CHESAPEAKE ENERGY CORP.;                    :        **ELECTRONICALLY FILED**
ACCESS MIDSTREAM PARTNERS,                  :
L.P., and DOMENIC J. DELL'OSSO, JR.,        :
                                            :
              Defendants.                   :
_____     :

### JOINT CASE MANAGEMENT PLAN

Having complied with the meet and confer requirements set forth in the

LOCAL RULES, the parties hereby submit the following Joint Case Management

Plan.

**1**.  **Principal Issues**

    **1.1** **Separately for each party, please give a statement summarizing this case:**

       **By plaintiff(s):**

This is a civil RICO case brought on behalf of Pennsylvania oil and natural

gas lessors against individuals and entities who implemented an off-balance sheet

corporate financing scheme to enrich themselves by wrongfully reducing royalty

1

payments to these lessors.  Plaintiff seeks relief on behalf of all similarly situated Pennsylvania oil and gas lessors for violations of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961-1968.  Plaintiff also asserts a claim for unjust enrichment against Defendants.

**By defendants:**

In 2007, Plaintiff entered into a written oil and gas lease with Chesapeake Appalachia, L.L.C. and has been receiving royalties from Chesapeake Appalachia for several years.  Plaintiff now believes he is entitled to incrementally more royalties than he received from Chesapeake Appalachia.  Plaintiff initiated arbitration against Chesapeake Appalachia for breach of contract and the same claims he has asserted in this action.  This case is an attempt by Plaintiff to convert a garden-variety contractual dispute about royalties due under an oil and gas lease into a RICO violation.  Plaintiff's efforts fail as a matter of law.  The RICO statute does not criminalize alleged breaches of contract.  As explained at length in the motions to dismiss filed by Defendants, *see* ECF Nos. 20-25, Plaintiff's RICO claim suffers from a plethora of deficiencies, each of which individually, let alone together, mandates dismissal under well-settled law.  *See, e.g.*, *Kolar v. Preferred Real Estate Invs., Inc.*, 361 F. App'x 354, 363-64 (3d Cir. 2010); *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1412-17 (3d Cir. 1991).  Plaintiff's unjust enrichment claim fails as a matter of law as well.

**1.2	The facts the parties <u>dispute</u> are as follows:**

The parties dispute the material facts at issue in this case.

**<u>agree</u> upon are as follows:**

Plaintiff and numerous other Pennsylvanians entered into oil and gas leases with Chesapeake Appalachia, L.L.C.

**1.3	The legal issues the parties <u>dispute</u> are as follows:**

Defendants have filed motions to dismiss the Complaint in its entirety.

**<u>agree</u> upon are as follows:**

**1.4	Identify any unresolved issues as to service of process, personal jurisdiction, subject matter jurisdiction, or venue:**

As discussed in the memorandum in support of Defendant Dell'Osso's motion to dismiss, *see* ECF No. 25 at 15-17, Defendant Dell'Osso disputes that venue in the Middle District of Pennsylvania is proper with respect to the claims against Dell'Osso.

**1.5	Identify any named parties that have not yet been served:**

None known at this time.

**1.6	Identify any additional parties that:**

**plaintiff(s) intends to join:**

None known at this time.

**defendant(s) intends to join:**

3

None known at this time.

### 1.7   Identify any additional claims that:

**plaintiff(s) intends to add:**

None known at this time.

**defendant(s) intends to add:**

None known at this time.

## 2.0   Disclosures

The undersigned counsel certify that they have made the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) or that they will do so no later than July 29, 2014.

## 3.0   Early Motions

Identify any motion(s) whose early resolution would likely have a significant effect either on the scope of discovery or other aspects of the litigation:

On June 13, 2014, each Defendant filed motions to dismiss the Complaint, in its entirety.  *See* ECF Nos. 20-25.  Plaintiff's briefs in opposition are due August 22, 2014.

## 4.0   Discovery

### 4.1   Briefly describe any discovery that has been completed or is in progress:

**By plaintiff(s):**

Plaintiff has begun compiling initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**By defendant(s):**

Defendants have begun compiling initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1).

**4.2   Describe any <u>discovery</u> that all <u>parties agree</u> should be conducted, indicating for each discovery undertaking its purpose or what kinds of information will be developed through it (e.g., "plaintiff will depose Mr. Jones, defendant's controller, to learn what defendant's revenue recognition policies were and how they were applied to the kinds of contracts in this case"):**

**Plaintiff's position**:

Plaintiff believes that discovery should commence immediately and without distinction between class certification and merits issues, including depositions of Rule 30(b)(6) witnesses designated by Defendants, other witnesses, and Mr. Dell'Osso, regarding the allegations in the Complaint. Plaintiff also expects that Defendants will schedule his deposition.

**Defendants' position**:

Defendants disagree that any discovery should be conducted until the pending motions to dismiss, which will resolve the case in its entirety, are resolved. Plaintiff has a contract with non-party Chesapeake Appalachia, L.L.C. and Plaintiff agreed to resolve disputes arising from his contract with Chesapeake

Appalachia, L.L.C. in individual arbitration.  Defendants should not be forced to incur the substantial cost and expense of discovery or further proceedings—which will far exceed any recovery to which Plaintiff Brown ever could be entitled—until the motions to dismiss are resolved and unless Plaintiff states a cognizable claim against these Defendants.

**4.3    Describe any <u>discovery</u> that one or more parties want(s) to conduct but <u>to which another party objects,</u> indicating for each such discovery undertaking its purpose or what kinds of information would be developed through it:**

As noted above, Defendants believe that discovery should be stayed until the pending motions to dismiss, which will resolve the case in its entirety, are resolved.

**4.4    Identify any <u>subject area limitations on discovery</u> that one or more parties would like imposed, at the first stage of or throughout the litigation:**

Subject to their motions to dismiss and Defendants' position noted above in sections 4.2 and 4.3, any discovery that occurs prior to class certification should be limited and generally focused on class certification issues until the class certification issues are resolved.

**4.5    For each of the following discovery tools, <u>recommend the per-party or per- side limitation</u> (specify a number) that should be fixed, subject to later modification by stipulation or court order on an appropriate showing (where the parties cannot agree, set forth separately the limits recommended by plaintiff(s) and by defendant(s)):**

6

**4.5.1   depositions (excluding experts) to be taken by:**

plaintiff(s)' position:  12 per each party named in suit (i.e. 36 depositions of Defendants' witnesses, 12 depositions of Plaintiff's)

defendant(s)' position: Defendants maintain that the limitation of 10 depositions per party set forth in Federal Rule of Civil Procedure 30 should apply, although Defendants are willing to meet and confer in good faith regarding this limitation after discovery has commenced.

**4.5.2   interrogatories to be served by:**

plaintiff(s)' position:  50 per party

defendant(s)' position: Defendants maintain that the limitation of 25 interrogatories per party set forth in Federal Rule of Civil Procedure 33 should apply, although Defendants are willing to meet and confer in good faith regarding this limitation after discovery has commenced.

**4.5.3   document production requests to be served by:**

plaintiff(s)' position:  50 per party

defendant(s)' position: Defendants submit that a limitation of 30 document production requests is reasonable, although Defendants are willing to meet and confer in good faith regarding this limitation after discovery has commenced.

**4.5.4   requests for admission to be served by:**

plaintiff(s):  50 per party

defendant(s)' position: Defendants submit that a limitation of 30 requests for admission is reasonable, although Defendants are willing to meet and confer in good faith regarding this limitation after discovery has commenced.

### 4.6    Discovery of Electronically Stored Information

Counsel certify that they will work in good faith about the matters addressed in M.D. Pa LR 26.1 and they expect that they will be able to reach agreement about how those matters will be addressed in discovery.

## 5.0    Protective Order

### 5.1    If entry of a protective order is sought, attach to this statement a copy of the proposed order.  Include a statement justifying the propriety of such a protective order under existing Third Circuit precedent.

The parties will submit a proposed stipulated protective order governing the exchange of documents and information in the course of discovery in this matter.  The proposed stipulated protective order will provide standard protections for "trade secret[s] or other confidential research, development, or commercial information."  *See* Fed. R. Civ. P. 26(c)(1)(G).  The proposed stipulated protective order will include a statement that good cause exists for this order because the information at issue is "trade secrets or other confidential business information and would provide competitive advantage to third parties thereby resulting in particularized harm upon disclosure."  *Lepage's Inc. v. 3M*, 1997 WL 736866, at *1 (E.D. Pa. Nov. 19, 1997) (citing *Leucadia Inc. v. Applied Extrusion Technologies, Inc.* 998 F.2d 157, 166 (3d Cir.1993); *Smith v. BIC Corp.*, 869 F.2d 194, 199–200 (3d Cir. 1989)).  Accordingly, entering such an

8

order is within the sound discretion of this Court.  *See Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 785 (3d Cir. 1994).

> **5.2  If there is a dispute about whether a protective order should be entered, or about certain terms of the proposed order, briefly summarize each party's position below:**

## 6.0  Scheduling

**Plaintiff's Position:**

| Event | Deadline |
|---|---|
| Deadline for Motion to Appoint Lead Counsel | August 15, 2014 |
| Deadline for Joining Additional Parties | February 1, 2015 |
| Plaintiffs' Expert Reports Due | June 1, 2015 |
| Defendants' Expert Reports Due | July 1, 2015 |
| Supplemental Expert Reports Due | August 1, 2015 |
| Fact and Expert Discovery Completed | September 1, 2015 |
| Date to Amend Pleadings (to coincide with the filing of Plaintiff's class certification motion) | October 1, 2015 |
| Plaintiffs' Class Certification Motion | October 1, 2015<br><br>November 1, 2015 (Defendants' Opposition due)<br><br>December 1, 2015 (Plaintiffs' Reply due) |
| Dispositive Motion Deadline | February 1, 2016 |

| | |
|---|---|
| Case Ready for Trial | June 1, 2016 |

**Defendants' Position:**

Subject to their response in section 4.2 *supra*, if discovery is not stayed until the resolution of the pending motions to dismiss, discovery should be reasonably limited until then.  Plaintiff has sought and received an extension of time to respond to Defendants' motions to dismiss until August 22, 2014. Defendants expect that the motions to dismiss will be fully briefed by the end of September 2014.  Defendants further believe, subject to their motions to dismiss, that the following schedule is more appropriate for this matter and should govern:

| **Event** | **Deadline** |
|---|---|
| Deadline for Joining Additional Parties | September 10, 2014 |
| Deadline for Amending Pleadings | September 10, 2014 |
| Fact Discovery Completed | October 1, 2015 |
| Plaintiff's Expert Reports re Class Certification Due | December 1, 2015 |
| Defendants' Discovery of Plaintiff's Class Certification Expert(s) Completed | January 15, 2016 |
| Defendants' Expert Reports re Class Certification Due | March 15, 2016 |
| Plaintiff's Discovery of Defendants' Class Certification Expert(s) Completed | April 29, 2016 |

| Plaintiffs' Class Certification Motion | May 30, 2016<br><br>June 30, 2016 (Defendants' Opposition due)<br><br>July 29, 2016 (Plaintiff's Reply due) |
|---|---|
| Class Certification Hearing | September 1, 2016 |
| Supplemental Fact Discovery Closes | January 20, 2017 |
| Supplemental Expert Reports on Merits Due | March 10, 2017 |
| Supplemental Expert Discovery on Merits Completed | April 28, 2017 |
| Dispositive Motion Deadline | June 16, 2017 |
| Case Ready for Trial | November 6, 2017 |

**6.1    Final date for joining additional parties:**

Plaintiff's position: February 1, 2015

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*):  September 10, 2014

**6.2    Final date for amending pleadings:**

Plaintiff's position: October 1, 2015

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): September 10, 2014

**6.3    All fact discovery commenced in time to be completed by:**

Plaintiff's position: September 1, 2015

11

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): October 1, 2015

**6.4** **All potentially dispositive motions should be filed by:**

Plaintiff's position: February 1, 2016

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): June 16, 2017

**6.5** **Reports from retained experts due:**

Plaintiff's position: from plaintiff(s) by  June 1, 2015

from defendant(s) by July 1, 2015

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*):

from plaintiff: December 1, 2015

from Defendants: March 15, 2016

**6.6** **Supplementations due:**

Plaintiff's position: August 1, 2015

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): March 10, 2017

**6.7** **All expert discovery commenced in time to be completed by:**

Plaintiff's position: September 1, 2015

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): April 29, 2016

**6.8** **This case may be appropriate for trial in approximately:**

Plaintiff's position: 2 years/800 days from the resolution of Defendants' motion to dismiss

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): 2.5 years (~1,000 days) from the resolution of Defendants' motions to dismiss (assuming *arguendo* that the motions are denied)

**6.9    Suggested Date for the final Pretrial Conference:**

Plaintiff's position: May/2016 (month/year)

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): October 2017

**6.10    Trial**

**6.10.1    Suggested Date for Trial:**

Plaintiff's position: June/2016 (month/year)

Defendants' position (subject to Defendants' position as set forth in §§ 4.2 and 6.0, *supra*): November 2017

**7.0    Certification of Settlement Authority (All Parties Shall Complete the Certification)**

I hereby certify that the following individual(s) have settlement authority.

**For Plaintiff:**

Michael D. Donovan
DONOVAN AXLER, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
215-732-6067
mdonovan@donovanaxler.com

**For Defendant:**

Robert Stell
Chesapeake Energy Corporation

Regina Gregory
Access Midstream Partners, L.P.

**8.0    Alternative Dispute Resolution ("ADR")**

    **8.1    Identify any ADR procedure to which this case already has been assigned or which the parties have agreed to use.**

        ADR procedure_____

        Date ADR to be commenced_____ Date ADR to be completed_

    **8.2    If the parties have been unable to agree on an ADR procedure, but one or more parties believes that the case is appropriate for such a procedure, identify the party or parties that recommend ADR and the specific ADR process recommended:**

    **8.3    If all parties share the view that no ADR procedure should be used in this case, set forth the basis for that view:**

Given the pendency of the motions to dismiss this action in its entirety, the

parties do not believe that the ADR procedure will be fruitful at this time.

**9.0    Consent to Jurisdiction by a Magistrate Judge**

    The parties do not agree to jurisdiction by a magistrate judge of this Court.

**10.0    Other Matters**

    **Make any other suggestions for the case development process, settlement, or trial that may be useful or necessary to the efficient and just resolution of the dispute.**

    More than three months after this suit was initiated, and one week after

14

Defendants filed their motions to dismiss this suit, different plaintiffs initiated *The Suessenbach Family Limited Partnership, et al. v. Access Midstream Partners, L.P.*, No. 3:14-cv-1197 (M.D. Pa.), in this Court. The claims, factual allegations, and putative class in the *Suessenbach* complaint substantially overlap with the claims, factual allegations, and putative class filed in this action. The *Suessenbach* plaintiffs have marked that action as "related" to this action.

Dated:  July 8, 2014

| For Plaintiff (all counsel are registered ECF Users): | For Defendants Chesapeake Energy Corporation and Domenic Dell'Osso, Jr. (all counsel are registered ECF users): |
|---|---|
| /s/ Noah Axler<br>Noah Axler<br>Michael D. Donovan<br>DONOVAN AXLER, LLC<br>1845 Walnut Street, Suite 1100<br>Philadelphia, PA 19103<br>215-732-6067<br>mdonovan@donovanaxler.com<br>naxler@donovanaxler.com<br><br>Robert E. McCann<br>McCann & Wall, LLC<br>Two Penn Center Plaza<br>Philadelphia, PA 19102<br>Telephone - 215-569-8488<br>Fax - 215-569-8288<br>rmccann@mccannwallinjurylaw.com<br><br>*Counsel for Plaintiff and the Class* | /s/ Daniel T. Brier<br>Daniel T. Brier<br>Myers, Brier & Kelly LLP<br>425 Spruce St. Suite 200<br>Scranton, PA 18501<br>Tel: (570) 342-6100<br>Fax: (570) 342-6147<br><br>Daniel T. Donovan (pro hac vice)<br>Peter A. Farrell (pro hac vice)<br>Ragan Naresh (pro hac vice)<br>Kirkland & Ellis LLP<br>655 Fifteenth Street, NW<br>Washington, DC 20005<br>Tel: (202) 879-5000<br>Fax: (202) 879-5200<br><br>*Attorneys for Defendants Chesapeake Energy Corp. and Domenic J. Dell'Osso* |

|  | For Defendant Access Midstream Partners, L.P. (all counsel are registered ECF users):<br><br>/s/ John S. Summers<br>John S. Summers<br>Alan C. Promer<br>Dylan J. Steinberg<br>Hangley Aronchick Segal Pudlin & Schiller<br>One Logan Square<br>Philadelphia, PA 19103<br>Tel: (215) 568-6200<br>Fax: (215) 568-0300<br><br>*Attorneys for Defendant Access Midstream Partners, L.P.* |
|---|---|

16

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2014, a copy of the foregoing Joint Case Management Plan was filed electronically via the Court's ECF system.  Notice of this filing will be sent to all parties who have appeared in this action via the Court's ECF system.  Parties may access this filing through the Court's ECF system.

/s/ Noah Axler

17