**IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **A&B CAMPBELL FAMILY LLC,** *et al.*, | : |
| | : |
| **Plaintiffs,** | :   **No. 3:15-cv-0340-MEM** |
| | : |
| **v.** | : |
| | : |
| **CHESAPEAKE ENERGY** | : |
| **CORPORATION,** *et al.*, | : |
| | : |
| **Defendants.** | : |

**NOTICE OF DISMISSAL PURSUANT TO FEDERAL RULE OF
CIVIL PROCEDURE 41(a)(1) BY ALL PLAINTIFFS AS TO
CERTAIN BUT NOT ALL DEFENDANTS**

PLEASE TAKE NOTICE that on January 16, 2021, the United States

Bankruptcy Court for the Southern District of Texas, Houston Division, in the jointly

administered Chapter 11 case captioned <u>In re Chesapeake Energy Corporation, et</u>

<u>al., Debtors</u>, Case No. 20-33233 (currently administered jointly under Chesapeake

Exploration, L.L.C., 20-33239), entered an order (the "<u>Confirmation Order</u>")

approving the *Fifth Amended Joint Chapter 11 Plan of Reorganization of*

*Chesapeake Energy Corporation and Its Debtor Affiliates* (the "<u>Plan</u>").   The

effective date of the Plan occurred on February 9, 2021 (the "<u>Effective Date</u>").

PLEASE TAKE NOTICE that the Confirmation Order contains provisions

that discharge Chesapeake Energy Corporation, Chesapeake Appalachia, L.L.C.,

Chesapeake Energy Marketing, Inc., and Chesapeake Operating, L.L.C., as successor

by conversion and f/k/a Chesapeake Operating, Inc. (collectively, "<u>Chesapeake</u>") from any claims that arose against them prior to the Effective Date, and t h a t enjoin  the continued pursuit of such claims, which provisions operate to discharge and preclude Plaintiffs from continuing to pursue the claims asserted by them against Chesapeake in the above-captioned action which arose prior to the Effective Date.

PLEASE TAKE FURTHER NOTICE that on July 27, 2023, Chesapeake filed a Motion ("<u>Motion</u>") with the United States Bankruptcy Court for the Southern District of Texas ("<u>Bankruptcy Court</u>") seeking entry of an order (a) enforcing the Confirmation Order and Plan, and requiring the plaintiffs in the Pennsylvania Royalty Cases, defined to include the above captioned matter, to dismiss their pre-Effective Date claims against the Reorganized Debtors with prejudice; and (b) declaring that the MEC Settlement and the Non-MEC Settlement (as those terms are defined in the Motion) are null and void. Chesapeake Mot., *In re Chesapeake Exploration, L.L.C.*, Case No. 20-33239 (DRJ) (Bankr. S.D. Tex. Jul. 27, 2023) (Docket No. 322).

PLEASE TAKE FURTHER NOTICE that, on August 31, 2023, after conducting oral argument, the Bankruptcy Court entered an *Order (I) Enforcing the Confirmation Order and Plan; and (II) Declaring the MEC Settlement and the Non MEC Settlement Null and Void*. *See* Order, *In re Chesapeake Exploration, L.L.C.*, Case No. 20-33239 (DRJ) (Bankr. S.D. Tex. Jul. 27, 2023) (Docket No. 347) (herein

referred to as the "Bankruptcy Court Enforcement Order"). A true and correct copy of the Bankruptcy Court Enforcement Order is attached to the Notice of Bankruptcy Court Order which has been filed by Chesapeake in this action (Docket No. 181) as Exhibit A (Docket No. 181-1).

PLEASE TAKE F U R T H E R NOTICE that, in light of the Confirmation  Order and the Bankruptcy Court Enforcement Order,  the Plaintiffs in the above-captioned Civil Action dismiss this action as to defendants Chesapeake Energy Corporation, Chesapeake Appalachia, L.L.C., Chesapeake Energy Marketing, Inc., and Chesapeake Operating, L.L.C., as successor by conversion and f/k/a Chesapeake Operating, Inc. (collectively, the "Chesapeake Defendants") only.[1]

The dismissal is made pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), with prejudice with respect to any claims asserted in this action against any of the Chesapeake Defendants that arose prior to the Effective Date, and without prejudice with respect to any claims that have arisen after the Effective Date. For the avoidance of doubt, this dismissal is intended to be without prejudice to any rights or interests

---

[1] For the avoidance of doubt, this action is not dismissed as to any defendants other than the Chesapeake Defendants, and this Notice of Dismissal is not filed on behalf of, and is not intended to dismiss any claims or otherwise affect any claims or rights of, Appalachian Basin Minerals, LP, PennMarc Resources II, LP, Wiles Mineral Interests, LLC, or McGrow Energy Partners II, LLL, the Proposed Intervenors in connection with the Motion to Intervene and supporting memorandum of law filed on their behalf on December 19, 2016, at Docket Nos. 149 and 150, which remain pending and undecided.

that any of the Plaintiffs in this action may have as members of the plaintiff class(es) in *Demchak Partners Ltd. Partnership v. Chesapeake Appalachia, L.L.C.*, No. 3:13-cv-02289-MEM (M.D. Pa. filed Aug. 30, 2013) (the "Demchak Litigation"), *Brown v. Access Midstream Partners, L.P.*, No. 3:14-cv-00591-MEM (M.D. Pa. filed Mar. 28, 2014) (the "Brown Litigation"), or *Suessenbach Family Ltd. Partnership v. Access Midstream Partners, L.P.*, No. 3:14-cv-01197-MEM (M.D. Pa. filed June 20, 2014) (the "Suessenbach Litigation"), with respect to: (i) the MEC Settlement and the Non-MEC Settlement, as those terms are defined in the Motion; and (ii) any existing or future claims in the Demchak Litigation, the Brown Litigation or the Suessenbach Litigation that have arisen after the Effective Date.

Date: September 15, 2023      /s/ *Thomas S. McNamara*

Thomas S. McNamara
INDIK & MCNAMARA, P.C.
123 South Broad Street, Suite 1200
Philadelphia, PA 19109
Tel: (215) 567-7125
E-mail: tmcnamara915@gmail.com

Christopher D. Jones
GRIFFIN, DAWSEY, DEPAOLA & JONES, P.C.
101 Main Street
Towanda, PA 18848
Tel: (570) 265-2175
E-mail: chris@gddj-law.com

-and-

Taunya M. Rosenbloom
LAW OFFICE OF TAUNYA KNOLLES
ROSENBLOOM
P.O. Box 309
332 South Main
Street Athens, PA
18810
Tel: (570) 888-0660
E-mail: taunya@tkrlaw.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of September, 2023, I caused the foregoing Notice of Dismissal Pursuant to Federal Rule of Civil Procedure 41(a)(1) by All Plaintiffs as to Certain But Not All Defendants to be filed electronically using the Court's electronic filing system, and that the filing is available to counsel for all parties for downloading and viewing from the electronic filing system.

*/s/ Thomas S. McNamara*
Thomas S. McNamara