UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| A&B CAMPBELL FAMILY LLC., et al., | |
| Plaintiffs, | CIVIL ACTION NO. 3:15-CV-00340 |
| v. | (MEHALCHICK, J.) |
| CHESAPEAKE ENERGY CORP, et al., | |
| Defendants. | |

**MEMORANDUM**

Before the Court is a motion for extension of time for filing Plaintiffs' second amended complaint *nunc pro tunc* (Doc. 219) filed by Plaintiffs and a joint motion to strike Plaintiffs' second amended complaint (Doc. 217) filed by Defendants. For the following reasons, the Court will **GRANT** Plaintiffs' motion for extension of time (Doc. 219) and **DENY** Defendants' motion to strike (Doc. 217).

**I.    PROCEDURAL AND FACTUAL BACKGROUND**

Because the Court writes primarily for the parties, only an abbreviated factual background of this case will be provided here. This background is taken from Plaintiffs' second amended complaint, which upon the resolution of the instant motions will be deemed filed. (Doc. 216). This case arises from fracking activity in the Marcellus Shale area in Pennsylvania. (Doc. 216). Plaintiffs are a group of individuals who hold royalty interests under oil and gas leases in properties generally located above the Marcellus Shale. (Doc. 216, ¶ 1). In the aggregate, Plaintiffs hold royalty interests in the natural gas produced from over 12,000 acres of leasehold land. (Doc. 94, ¶ 1 n.1). The named Defendants in this case are Williams Partners, L.P., f/k/a Access Midstream Partners, L.P., Access MLP Operating,

L.L.C. Appalachia Midstream Services, L.L.C. Anadarko E&P Onshore, LLC, as successor by conversion to and f/k/a Anadarko E&P Company LP Mitsui E&P USA LLC (collectively, Defendants"). (Doc. 216). Broadly, Plaintiffs allege that Defendants engaged in "separate but related unlawful schemes" to deprive Plaintiffs of royalties and royalty interests for gas produced on their leaseholds. (Doc. 216).

On August 30, 2024, this Court granted three motions to dismiss filed by separate sets of Defendants (Doc. 111; Doc. 113; Doc. 115) and dismissed Plaintiffs' amended complaint (Doc. 94) without prejudice. (Doc. 212). Plaintiffs were granted leave to file a second amended complaint within twenty-eight days of the Court's Memorandum and accompanying Order, on or before Friday, September 27, 2024. (Doc. 212, at 35). Plaintiffs failed to do so. Accordingly, on October 2, 2024, this Court issued an Order to Show Cause directing Plaintiffs show cause on or before October 16, 2024, as to why they failed to file a second amended complaint on or before September 27, 2024. (Doc. 215). One day after their deadline to show cause had passed, on October 17, 2024, Plaintiffs filed their second amended complaint. (Doc. 216).

On October 29, 2024, Defendants filed a joint motion to strike Plaintiffs' second amended complaint. (Doc. 217). Plaintiffs filed a brief in opposition to Defendants' motion on November 19, 2024. (Doc. 220). Defendants filed a reply brief on December 3, 2024. (Doc. 226).

On November 18, 2024, Plaintiffs filed their motion for extension of time to extend time for filing of plaintiffs' second amended complaint *nunc pro tunc*. (Doc. 219). Plaintiffs filed a brief in support of their motion on November 19, 2024. (Doc. 221). Williams Partners, LP, Access MLP Operating, L.L.C., Appalachia Midstream Services, L.L.C., and the

2

Williams Companies, Inc. filed a brief in opposition to Plaintiffs' motion on December 2, 2024. (Doc. 224). Anadarko E&P Onshore LLC and Mitsui E&P USA LLC each field briefs in opposition to Plaintiffs' motion on December 2, 2024. (Doc. 223; Doc. 225). Plaintiff filed a reply brief on December 16, 2024. (Doc. 227). Accordingly, each motion is fully briefed and ripe for disposition.

**II.     LEGAL STANDARDS**

  **A.     MOTION TO STRIKE**

Rule 12(f) of the Federal Rules of Civil Procedure permits the Court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The "purpose of a motion to strike is to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." *Natale v. Winthrop Res. Corp.,* 2008 WL 2758238, at *14 (E.D. Pa. 2008) (internal quotation marks omitted). Motions to strike pursuant to Rule 12(f) are generally disfavored "unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties, or if the allegations confuse the issues in the case." *Natale,* 2008 WL 2758238, at *14 (quoting *River Road Devel. Corp. v. Carlson Corp.,* Civ. A. No. 89-7037, 1990 WL 69085, at *2 (E.D. Pa. May 23, 1990)). Further, "[w]hen faced with allegations that could possibly serve to achieve a better understanding of plaintiff's claims or perform any useful purpose in promoting the just disposition of the litigation, courts generally deny such motions to strike." *Cestra v. Mylan, Inc.*, No. CIV.A. 14-825, 2015 WL 2455420, at *7 (W.D. Pa. May 22, 2015) (quoting *Eisai Co. v. Teva Pharm. USA, Inc.*, 629 F. Supp. 2d 416, 425 (D.N.J. 2009), *as amended* (July 6, 2009)).

3

B.  MOTION FOR EXTENSION OF TIME

Under Rule 6(b) of the Federal Rules of Civil Procedure, a district court may extend a deadline "for good cause . . . with or without motion if the court acts, or if a request is made, before the original time or its extension expires." Fed. R. Civ. P. 6(b)(2)(A). "[A]ny *post* deadline extension must be 'upon motion made,' and is permissible only where the failure to meet the deadline 'was the result of excusable neglect.'" *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 896 (1990) (emphasis in original). The Supreme Court stated that the determination of whether neglect is excusable "is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These circumstances include: "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395.

**III.  DISCUSSION**

The question before the Court is whether to extend Plaintiffs' deadline for filing their second amended complaint *nunc pro tunc*, and then deem it filed, or to strike it. (Doc. 216; Doc. 217; Doc. 219). There is no dispute that Plaintiffs filed their second amended complaint twenty days after the deadline set by this Court. (Doc. 216). There is also no dispute that Plaintiffs failed to timely and meaningfully respond to the Court's Order to Show Cause. (Doc. 215). The parties dispute whether these actions and inactions of Plaintiffs' counsel constitute excusable neglect. See *Lujan*, 497 U.S. at 896.

According to Plaintiffs' counsel, he "did not intentionally ignore the Court's deadline, or deliberately fail to timely file Plaintiffs' Second Amended Complaint for any strategic

4

reason. Instead, the failure to complete and timely file Plaintiffs' Second Amended Complaint was inadvertent." (Doc. 221, at 4). He admits that he "was solely responsible for preparing and filing Plaintiff's Second Amended Complaint, and the failure to timely file the Second Amended Complaint was solely and entirely his responsibility." (Doc. 221, at 4). In each of their briefs in opposition to Plaintiffs' motion for an extension of time, Defendants argue that Plaintiffs' counsel's inadvertence should not be excused. (Doc. 223, at 2; Doc. 224, at 3; Doc. 225, at 2). Mitsui E&P USA LLC claims that "Plaintiffs have repeatedly and consciously disregarded this Court's deadlines and have no adequate explanation." (Doc. 225, at 2). Anadarko E&P LLC points out that Plaintiffs' counsel, while citing inadvertence, fails to offer a concrete explanation as to why he missed the Court's deadlines. (Doc. 223, at 2). Anadarko E&P LLC further asserts that "[e]xcusable neglect does not extend to a knowing failure to meet a deadline and disregard of subsequent court orders, where no reason for the delay is given." (Doc. 223, at 3). In their brief, the remaining Defendants aver that "Plaintiffs [sic] repeated and conscious disregard of Court deadlines is the exact type of 'flouting' that is outside the scope of excusable neglect." (Doc. 224, at 3).

  Determining whether a party's failure to comply with the Court's deadlines and orders is a result of excusable neglect requires the Court to take into account "all relevant circumstances surrounding the party's omission." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993). These include "the danger of prejudice to the [non-movant], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within reasonable control of the movant, and whether the movant acted in good faith." *Pioneer Inv. Servs.*, 507 U.S. at 395. Here, the delay caused by Plaintiffs' late filing was only twenty days. This delay does not greatly impact these

proceedings, which have been ongoing for over a decade. *See Potts v. Holt*, No. 12-CV-1441, 2018 WL 585635, at *2 (M.D. Pa. Jan. 29, 2018) ("[T]he relatively short time (just under four months) between entry of the judgment and the filing of Potts' motion weighs in favor of granting the motion); *see also Avon Contractors, Inc. v. Sec'y of Labor*, 372 F.3d 171, 174 (3d Cir. 2004) (finding a delay of about three months "did not negatively impact the proceeding"). Furthermore, granting the relief sought by Plaintiffs would not result in any cognizable legal prejudice to Defendants beyond the continuation of this litigation, and Defendants do not argue otherwise. Thus, these factors weigh in favor of granting Plaintiffs' motion. While Defendants do not really dispute this, they take issue with the fact that Plaintiffs' counsel has offered no explanation or reasonable excuse for his inadvertence and failure to comply with Court deadlines. (Doc. 223, at 4; Doc. 224, at 5; Doc. 225, at 2). Looking at whether the missing of deadlines was in the movant's control weighs in favor of denying Plaintiffs' motion, as Plaintiffs' counsel admits his failure to comply was due solely to his own mistake and inadvertence. *Pioneer Inv. Servs.*, 507 U.S. at 395. However, this factor is not dispositive and there is nothing to suggest that Plaintiffs' counsel acted in bad faith. *See Kimberg v. Univ. of Scranton*, 411 Fed. App'x 473 (3d Cir. 2010) ("an honest oversight that is not part of a sinister, well-conceived plan to frustrate" an opposing party will not bar a finding of excusable neglect.). Weighing the relevant factors supports a finding that Plaintiffs' counsel's actions constitute excusable neglect, if only by an extremely small margin. Considering these factors, how long this litigation has been pending, the number of Plaintiffs and Defendants involved, and the types of claims at bar, the Court finds that denying Plaintiffs' motion and striking Plaintiffs' second amended complaint would not serve the interests of justice in this case.

The Court does not make this decision lightly and is troubled by what Plaintiffs' counsel calls "inadvertence," which the Court recognizes to be total disregard of its directives, as well as the long history of this case. The Court understands Defendants' frustration with Plaintiffs' counsel's failure to abide by Court orders and deadlines and largely mirrors that frustration. While Plaintiffs' counsel's inadvertence and failure to provide the Court with a robust reason for his inaction might be construed as bad faith, to conclude over a decade of litigation on a technicality caused by one lawyer's negligent actions stands in contrast to this Court's preference to resolve matters on the merits. "[A]t least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs.*, 507 U.S. at 394. Thus, for the purposes of the instant motion, the Court finds it must conclude that Plaintiffs' counsel's failure to comply with its deadlines, while unfortunate, frustrating, and disappointing, was negligence. As such, it constitutes excusable neglect. Plaintiffs' motion for an extension of time to file their second amended complaint *nunc pro tunc* will be **GRANTED** (Doc. 219) and Defendants' joint motion to strike will thus be **DENIED** (Doc. 217).

IV.  **CONCLUSION**

Based on the foregoing, Plaintiffs' motion for an extension of time to file their second amended complaint *nunc pro tunc* is **GRANTED**. (Doc. 219). Defendants' joint motion to strike the second amended complaint is **DENIED**. (Doc. 217). Plaintiffs' second amended complaint shall be deemed **FILED**. (Doc. 216).  An appropriate Order follows.

Dated: May 1, 2025

BY THE COURT:

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**